**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mary Norum, n/k/a Calabrese, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | FILED: MAY 21, 2008 |
| v. | ) No. | 08CV2963    TC |
| | ) | JUDGE ANDERSEN |
| MRC Receivables Corporation, a | ) | MAGISTRATE JUDGE VALDEZ |
| Delaware corporation, Midland Credit | ) | |
| Management, Inc., a Kansas | ) | |
| corporation, and Blitt and Gaines, P.C., | ) | |
| an Illinois professional corporation, | ) | |
| | ) | |
|     Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Mary Norum, n/k/a Calabrese, brings this action under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the

Defendants' debt collection actions violated the FDCPA, and to recover damages for

Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here and Defendants transact business here.

### PARTIES

3.     Plaintiff, Mary Norum n/k/a Calabrese ("Norum"), is a citizen of the State of

Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to

collect a delinquent consumer debt allegedly owed originally to FNCB/Spiegel, but now

allegedly owed to MRC Receivables Corporation.

4.     Defendant, MRC Receivables Corporation, is a Delaware corporation ("MRC"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant MRC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Norum.

5.     Defendant MRC is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via its sister corporation, Midland Credit Management, Inc., and/or collection law firms like Defendant Blitt and Gaines, P.C.  The debts MRC buys are often so old that they are beyond the statute of limitations, and MRC often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

6.     Defendant, Midland Credit Management, Inc., is a Kansas corporation ("Midland"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant Midland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Norum.

7.     Defendant, Blitt and Gaines, P.C. ("Blitt"), is an Illinois professional corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the

Northern District of Illinois.  In fact, Defendant Blitt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Norum.

## FACTUAL ALLEGATIONS

8.    Ms. Norum allegedly opened a consumer charge account with FCNB/Spiegel, which became delinquent, according to the Defendants, in 1999.  At some unknown point in time, Defendant MRC allegedly purchased this defaulted FCNB/Spiegel debt from an unidentified entity.

9.    On December 12, 2007, Defendants filed a lawsuit against Ms. Norum in a matter styled: MRC Receivables Corporation v. Norum, Case No. 2007 SC 009826 (DuPage County, Illinois)(the "State Court Lawsuit").  A copy of the State Court Lawsuit is attached as Exhibit 1.

10.    The Defendants, in their State Court Lawsuit against Ms. Norum, failed to allege breach of a written contract, failed to attach any evidence of a written contract, and failed to attach any evidence, or allege any factual basis, of the assignment of the account to MRC or any proof of MRC's ownership of the account.

11.    Moreover, in their State Court Lawsuit, the Defendants attached a purported affidavit, dated June 8, 2007, which inexplicably claimed, in paragraph 2, that the amount of the debt owed by Ms. Norum was $1,224, but then claimed, in paragraph 4, that the amount of the debt was $1,609, and also claimed that her account accrued interest at 5% per year.  Attached to this purported affidavit was a document that Defendants claimed was a purported March 9, 2004 "final statement of account", which claimed that the amount of the debt was actually $1,325, that the account accrued interest at 5% per year, and that the account had been delinquent since 1999.  See, Exhibit 2.  This purported account "statement" is not from the original creditor,

3

FNCB/Spiegel, but something Defendant MCM crafted several years after the account went into default in 1999.

12.     In that Defendants do not have evidence of a written contract – the signed account application, terms and conditions, or the card carrier from FNCB/Spiegel  – Defendants' claim in the State Court Lawsuit was governed, at best, by Illinois' five-year statute of limitations for claims for breach of unwritten contracts, <u>see</u>, 735 ILCS 5/13-205.

13.     Accordingly, when Defendants filed their complaint in the State Court Lawsuit on December 12, 2007, it was filed well past the expiration of the five-year statute of limitations, which began running when the account became delinquent in October,1999.

14.     Accordingly, Ms. Norum was forced to hire counsel to defend her from the Defendants' baseless State Court Lawsuit.  On January 8, 2008, Ms. Norum's counsel filed a motion to dismiss the State Court Lawsuit, which pointed out that without proof of a written contract, that the complaint in the State Court Lawsuit was time-barred.  A copy of this motion to dismiss is attached as Exhibit <u>2</u>.

15.     On January 23, 2008, the Judge in the State Court Lawsuit agreed with Ms. Norum's argument, and directed the Defendants to file an amended complaint, by February 15, 2008, setting forth any proof they had of a written contract.  The Defendants had no such proof and, accordingly, the State Court Lawsuit was dismissed on March 14, 2008.

16.     Defendants have a policy, practice and procedure of filing lawsuits on scavenged debt as to which they have no documentary proof and cannot obtain same. Instead, Defendants rely upon obtaining default judgments against consumers, but

close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

17.     All of Defendants actions at issue in their State Court Lawsuit occurred within one year of the date of this Complaint.

18.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

19.     Plaintiff adopts and realleges ¶¶ 1-18.

20.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading, representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

21.     Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

a)     filing suit well beyond expiration of the five-year statute of limitation;

b)     falsely stating the amount of the debt;

c)     falsely stating that the account at issue accrued interest at 5% per year;

d)     filing a false affidavit – allegedly based upon the affiants 'personal knowledge" -- in support of its claim in the State Court Lawsuit when, in fact, the affiant has no actual knowledge of any actual facts; and,

e)    falsely stating the "statement" it attached to its false affidavit was

the "final statement of account", when, in fact, it was a collection

letter/statement generated by Defendants Midland and MRC.

22.    Defendants' violations of § 1692e of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

23.    Plaintiff adopts and realleges ¶¶ 1-18.

24.    Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt.  See, 15 U.S.C. §

1692f.

25.    Defendants' collection actions which violated § 1692f of the FDCPA,

include, but are not limited to:

a)    filing the complaint in the State Court Lawsuit, when Defendant had

no intent, nor any ability, to ever obtain documentary proof to support their

claims;

b)    filing the State Court Lawsuit well beyond the statute of limitations;

c)    failing to attach, or adequately allege, any facts or proof of the

assignments/chain of title to the State Court Lawsuit; and,

d)    utilizing a false, baseless affidavit and final statement of account in

support of their State Court Lawsuit.

26.    Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mary Norum n/k/a Calabrese, prays that this Court:

1.    Declare that Defendants' collection practices violate the FDCPA;

2.    Enter judgment in favor of Plaintiff Norum and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Norum, n/k/a Calabrese, demands trial by jury.

Mary Norum, n/k/a Calabrese,


By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: May 21, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

08CV2963        TC
JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS
### 2007SC009826

MRC RECEIVABLES CORPORATION    No.
                    Plaintiff        **Assigned To: 2001**

**FILED**

Dec 12 2007 - 8:43 AM

vs.                                 Return Date:    JAN 1 8 2008

MARY NORUM

                                    CLERK OF THE
                                    18TH JUDICIAL CIRCUIT
                                    DU PAGE COUNTY ILLINOIS
            Defendant              contract
                                    Amount claimed: $1,224.06
                                    Plus court costs

### COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.    The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2.    The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $1,224.06.

3.    Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

    WHEREFORE,  Plaintiff prays for judgment against the Defendant(s) in the amount of $1,224.06 plus interest and court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900

This is an attempt to collect a debt and any information will be used for that purpose.



**EXHIBIT**

1

9/6          7-23592

State of_____)
                                 )  ss.
County of _____)

In _____Court

_____Judicial (Circuit/District)

MRC Receivables Corp.,
                    Plaintiff

Vs.                                              Affidavit

MARY NORUM,
                    Defendant

After first being sworn upon oath, Amy Berscheit, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of MRC Receivables Corp.. I make the statements herein based upon my personal knowledge. MRC Receivables Corp. is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number ▮▮▮▮▮▮, which includes the following information:  that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff MRC Receivables Corp. were retained on MRC Receivables Corp.  behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to MRC Receivables Corp. the sum of $1,224.06.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's FCNB/SPIEGEL account number, ▮▮▮▮▮▮▮▮▮▮, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $1,690.94 on 10/7/1999; and that such balance will continue to earn interest at a rate of 5% as an annual percentage rate calculated as required by the Federal Truth In Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make payments on the account, and that plaintiff has made demand for the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

Dated this 8 day of June, 2007.

Amy Berscheit



_____
                    Affiant's Signature

State of Minnesota
County of Stearns
Subscribed and sworn to (or affirmed) before me on this 08 day of June 2007
by Amy Berscheit personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

┌─────────────────────────────────┐
│  VICKY L. WEISZ                  │
│  Notary Public-Minnesota         │
│  My Commission Expires Jan. 31, 2011 │
└─────────────────────────────────┘

                    _____
                    Notary Public for the State of Minnesota

Blitt & Gaines, P.C.

**mcm** MIDLAND CREDIT MANAGEMENT, INC.
P.O. Box 939019
San Diego, CA 92193-9019



| Contact Information: | Tel (800) 939-2353 |
|---|---|
| | Fax (800) 306-4443 |
| Hours of Operation: | M-Th 6am - 7pm PST |
| | Fri 6am - 5pm |
| | Sat 6am - 2:30pm |

MARY NORUM
████████, IL ████

| STATEMENT | | |
|---|---|---|
| MCM Account #████ | **Principal Balance:** $1,224.06 | |
| Original Account #:████ | **Interest Rate:** 5.00% | |
| Statement Date: 03-09-2004 | Due Date: NOW | **Accrued Interest:** $101.64 |
| Current Owner: MRC Receivables Corp. | Original Issuer: FCNB/SPIEGEL | **New Balance:** $1,325.70 |

| Due Date | Date Received | Transactions | Amount |
|---|---|---|---|
| NOW | 03-09-2004 | The above referenced account was purchased by MRC Receivables Corp.and is serviced by Midland Credit Management, Inc.("MCM"). The balance of $1,325.70 is due now.  Please direct all correspondence to: Midland Credit Management, Inc. | $1,325.70 |
| | | | New Balance: $1,325.70 |

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Please detach the payment slip below and enclose it with your $1,325.70 payment in the envelope provided.

MARY NORUM

████████, IL ████

## *Payment Slip*

MCM Account Number: ████
Current Balance:     $1,325.70
Amount Enclosed:_____

**mcm**
Midland Credit Management, Inc.
Department 8870
Los Angeles, CA 90084-8870
║▌║▌║▌║▌║▌║▌║▌║▌║▌║▌║▌

**Please indicate new mailing address and phone number, if incorrect.**
_____
_____

JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ

## IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

MRC Receivables Corporation,     )
                                   )

    Plaintiff,             )
                                   )

    v.                 )    No.  2007 SC 009826
                                   )

Mary Norum,             )
                                   )

    Defendant.          )

### DEFENDANT'S MOTION TO DISMISS

       Defendant, Mary Norum, now known as Calabrese ("Calabrese"), hereby moves

this Court, pursuant to 735 ILCS 5/2-615 and 735 ILCS 5/2-619, to dismiss the

Complaint filed against him by MRC Receivables Corporation ("MRC"). In support of

this Motion, Defendant Calabrese states:

       1.     Plaintiff MRC's Complaint is based on an alleged charge account and/or

line of credit purportedly opened by Ms. Calabrese with FCNB/Spiegel ("Spiegel").

Without pleading a violation of any particular section of the Illinois Compiled Statutes,

MRC merely alleges in its Complaint that Ms. Calabrese defaulted on the account and

that there is an indebtedness in the amount of $2,423.86. MRC, however, has not

asserted a breach of contract claim, nor attached <u>any</u> evidence of an alleged contract.

Thus, the Complaint can only be read as having asserted a claim based on an account

stated – of which MRC has likewise not provided any evidence. A copy of the

Complaint is attached hereto as Exhibit <u>A</u>.

       2.     Plaintiff MRC, in fact, is a debt scavenger that specializes in buying vast

portfolios of delinquent consumer debts for which it pays pennies on the dollar. The

debts MRC buys are often so old that they are beyond the statute of limitations, and



often, MRC has no documentary proof to support the validity of the debt – a type of debt the media has recently termed "Zombie Debt". MRC then often tries to collect these debts through other debt collectors and debt collection lawsuits. In fact, Plaintiff MRC has a policy, practice and procedure of filing lawsuits on scavenged debt as to which it has no documentary proof and cannot obtain same. Instead, Plaintiff relies upon obtaining default judgments against consumers.

3.     Plaintiff's Complaint in this matter does not even set forth that MRC is a *bona fide* owner of the account allegedly owed originally to Spiegel by Ms. Calabrese. In the form Affidavit attached to the Complaint and signed by an employee of Plaintiff's account servicer, Midland Credit Management, Inc., MRC merely states that it is operating on an assignment of the alleged Spiegel account from an unidentified predecessor in interest, but does not identify from what entity it purchased the alleged account. (See, Affidavit at Exhibit A hereto). Plaintiff MRC has failed to attach to its Complaint, any evidence of the chain of title from Spiegel to MRC or written proof of any assignments.

4.     The Affidavit also sets forth that there was a "final statement of account" as of October 7, 1999 in the amount of $1,690.94.[1] (See, attachment to Complaint at Exhibit A hereto). As set forth below, Plaintiff's "account stated" claim must be dismissed, as it was filed long after the five-year statute of limitations, that governs a claim for an "Account Stated" in Illinois, had run.

5.     Ms. Calabrese has provided an affidavit in support of her motion to dismiss setting forth that although she had a Spiegel store credit card long ago, she does not recognize the alleged Spiegel account at issue as being her own account, that

---

[1] It is unclear why the Affidavit asserts that the final statement of account owed was for $1,690.94 and Plaintiff has sued for $1,224.06.

2

she thus, disputes owing the alleged account, and that she has not made any payments on such a Spiegel account at any time in the past eight years. Ms. Calabrese's affidavit is attached hereto as Exhibit B. Accordingly, Plaintiff's purported account stated claim against Defendant Calabrese should be dismissed.

## DISMISSAL PURSUANT TO 735 ILCS 5/2-619

6.     A motion to dismiss under 735 ILCS 5/2-619 attacks the legal sufficiency of a complaint based upon certain defects or defenses. Specifically, 735 ILCS 5/2-619(a)(9) provides for involuntary dismissal of a complaint if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim."

7.     First, Plaintiff's purported "account stated" claim is barred by the statute of limitations. An account stated is a new, stand-alone cause of action between the parties to an antecedent financial liability. *Toth v. Mansell*, 207 Ill.App.3d 665, 671 (1st Dist. 1990), *cert. denied* 139 Ill.2d 605 (1991)("an account stated raises a new cause of action between the parties"). It is predicated on the promise to pay the balance the parties agree is accurate and owed; it is not based upon the original instrument that created the liability. *Dreyer Medical Clinic, S.C. v. Corral*, 227 Ill.App.3d 221, 226 (2nd Dist. 1992); see also, *Toth*, 207 Ill.App.3d at 671. An account stated claim is frequently brought as a separate claim in an action that also brings a breach of contract claim. *Dreyer Medical Clinic*, 227 Ill.App.3d at 223; *Toth*, 207 Ill.App.3d at 669, 671.

8.     Plaintiff MRC has not pled a claim for breach of contract, nor attached any evidence of an alleged contract to the Complaint, but rather has simply pled a claim for account stated. The statute of limitations applied in Illinois to account stated claims is five years, regardless of the alleged facts that give rise to the account stated. *Toth*, 207

3

Ill.App.3d at 673 ("an action not otherwise provided for in the Code of Civil Procedure is governed by a five year statute of limitations"); see also, 735 ILCS 5/13-205.

9.     Assuming an "account stated" exists, and the account was charged-off as of the final statement of account on October 7, 1999, Plaintiff would have had to file suit on the alleged account on or before October 7, 2004; Plaintiff MRC, however, did not file suit until December 12, 2007, long after the relevant statute of limitations had run. Thus, Plaintiff's Complaint based on account stated is barred by the statute of limitations.

10.     Additionally, Plaintiff's Complaint is defective on its face because Plaintiff has failed to plead adequately that it is, in fact, a *bona fide* owner of the account at issue, allegedly owed originally by Ms. Calabrese to FCNB/Spiegel, nor has it provided any evidence of the chain of title between FCNB/Spiegel and itself, nor that any successors in interest were, in fact, *bona fide* owners of the account with authority to sell/assign the account.  Thus, Plaintiff's Complaint should be dismissed.

11.     Accordingly, Defendant Calabrese seeks dismissal of this lawsuit with prejudice pursuant to 735 ILCS 5/2-619.

## DISMISSAL PURSUANT TO 735 ILCS 5/2-615

12.     A. motion to dismiss under 735 ILCS 5/2-615 attacks the legal sufficiency of a complaint by alleging defects on the face of the complaint.  *Vitro v. Mihelcic*, 209 Ill.2d 76, 81 (2004).  Plaintiff's Complaint is defective on its face because it fails to comply with § 2-403 of the Illinois Code of Civil Procedure, which provides in pertinent part:

§ 2-403.  Who may be plaintiff – Assignments – Subrogation.
(a) The assignee and owner of a non-negotiable chose in action may sue thereon in his or her own name.  Such person shall in his or her pleading on oath allege that he or she is an actual bona fide owner thereof, and set forth how and

4

when he or she acquired title. The action is subject to any defense or set-off existing before notice of the assignment.

735 ILCS 5/2-403.

13.    Compliance with § 2-403 is mandatory. *Allianz Versicherungs-AG v. Federal Insurance Co.*, 199 Ill.App.3d 421, 423-24 (1st Dist. 1990); see also, *In re Marriage of Takata*, 304 Ill.App.3d 85, 95 (2d Dist. 1999)(Code's use of the word "shall" denotes a mandatory obligation).  Where the allegations in the Complaint fail to comply with the pleading requirements of § 2-403, the Court should dismiss the Complaint with prejudice.

14.    In the "Affidavit" provided in support of Plaintiff's claim, which was signed by an employee of MRC's account servicer, MCM, the affiant claims that MRC is the "owner of and/or successor to" the alleged Spiegel account and that MRC merely obtained the account from an unidentified "predecessor in interest." (See, Affidavit attached to Ex. A).  This does not satisfy a plaintiff's pleading obligations under § 2-403. First, Plaintiff's claim – that it is the assignee/owner of the Spiegel account – is insufficient because the Affidavit does not establish that Plaintiff MRC, in fact, owns the alleged account, nor how MRC came to own the alleged account. See, Aff. at Ex. A.

15.    Second, the "Affidavit" does not satisfy the pleading requirements of § 2-403 because it does not set forth how and when Plaintiff MRC acquired title, nor does it contain any allegations that, if true, would support the contentions that Plaintiff ever purchased the alleged account from a party with authority to assign the account to Plaintiff. See, Aff. at Ex. A.

16.    Without sufficiently pleading its allegations, as provided by § 2-403 of the Illinois Code of Civil Procedure, Plaintiff MRC does not have standing to sue Ms. Calabrese.  To have standing, a plaintiff must show that it has sustained, or is in

5

imminent danger of sustaining, an injury through the alleged actions of the defendant. *Village or Arlington heights v. Metropolitan Development Housing Corp.*, 429 U.S. 252, 260 (1977); *Puritt v. Allstate Ins. Co.*, 284 Ill. App. 3d 442, 446 (1st Dist. 1996). Without standing, Plaintiff cannot maintain this lawsuit against Defendant Calabrese.

17.     Accordingly, Defendant Calabrese seeks dismissal of this lawsuit with prejudice pursuant to 735 ILCS 5/2-615.

WHEREFORE, Defendant, Mary Norum, now known as Calabrese, seeks dismissal of this lawsuit with prejudice.

Respectfully submitted,

By: _____
One of Defendant's Attorneys

Dated: January 8, 2008

David J. Philipps  (Ill. Bar No. 06196285)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
DuPage County Firm No. 20528

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
### DUPAGE COUNTY, ILLINOIS

2007SC009826

MRC RECEIVABLES CORPORATION
                    Plaintiff

vs.

MARY NORUM

No.

Assigned To: 2001

Return Date: JAN 18 2008

FILED
Dec 12 2007 - 8:43 AM

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

08CV2963    TC    Defendant

JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ

contract
Amount claimed: $1,224.06
Plus court costs

### COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.    The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2.    The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $1,224.06.

3.    Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

WHEREFORE,  Plaintiff prays for judgment against the Defendant(s) in the amount of $1,224.06 plus interest and court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL 60090
(847) 403-4900
22225

This is an attempt to collect a debt and any information will be used for that purpose.

07-23592-0
3850-04



EXHIBIT
A

State of _____ )
                          )  ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

MRC Receivables Corp.,
                    Plaintiff

Vs.

MARY NORUM,
                    Defendant

Affidavit

After first being sworn upon oath, Amy Berscheit, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of MRC Receivables Corp.. I make the statements herein based upon my personal knowledge. MRC Receivables Corp. is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number 8502255887, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff MRC Receivables Corp. were retained on MRC Receivables Corp. behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the account number set out above; and that there was due and owing to MRC Receivables Corp. the sum of $1,224.06.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's FCNB/SPIEGEL account number, ████████████████, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $1,698.94 on 10/7/1999; and that such balance will continue to earn interest at a rate of 5% as an annual percentage rate calculated as required by the Federal Truth In Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make payments on the account, and that plaintiff has made demand for the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

Dated this 8 day of June, 2007.

Amy Berscheit

_____
Affiant's Signature

State of Minnesota
County of Stearns
Subscribed and sworn to (or affirmed) before me on this 08 day of June 2007
by Amy Berscheit personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

VICKY L. WEISZ
Notary Public-Minnesota
My Commission Expires Jan. 01, 2011

_____
Notary Public for the State of Minnesota

Blitt & Gaines, P.C.



**MIDLAND CREDIT MANAGEMENT, INC.**
P.O. Box 92012
San Diego, CA 92193-9019

| | |
|---|---|
| Contact Information: | Tel (800) 939-2353 |
| | Fax (800) 306-4443 |
| Hours of Operation: | M-Th 6am - 7pm PST |
| | Fri 6am - 5pm |
| | Sat 6am - 2:30pm |

MARY NORUM

████████, IL ████████

| STATEMENT | | | |
|---|---|---|---|
| MCM Account # ████████ | | | **Principal Balance:** $1,224.06 |
| Original Account # ████████████ | | | **Interest Rate:** 5.05% |
| Statement Date: 03-09-2004 | Due Date: NOW | | **Accrued Interest:** $101.54 |
| **Current Owner:** MRC Receivables Corp. | **Original Issuer:** FCNB/SPIEGEL | | **New Balance:** $1,325.70 |

| Due Date | Date Received | Transactions | Amount |
|---|---|---|---|
| NOW | 03-09-2004 | The above referenced account was purchased by MRC Receivables Corp and is serviced by Midland Credit Management, Inc ("MCM"). The balance of $1,325.70 is due now.<br><br>Please direct all correspondence to: Midland Credit Management, Inc. | $1,325.70 |
| | | | **New Balance:** $1,325.70 |

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Please detach the payment slip below and enclose it with your $1,325.70 payment in the envelope provided.

MARY NORUM

████████, IL ████████

## Payment Slip



Midland Credit Management, Inc.
Department 8870
Los Angeles, CA 90084-8870

| | |
|---|---|
| MCM Account Number ████████ | |
| Current Balance: | $1,325.70 |
| Amount Enclosed: | |

Please initiate any mailing address and phone number, if incorrect.

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

MRC Receivables Corporation,      )
                                  )        08CV2963         TC
        Plaintiff,                )        JUDGE ANDERSEN
                                  )        MAGISTRATE JUDGE VALDEZ
        v.                        )   No.  2007 SC 009826
                                  )
Mary Norum,                       )
                                  )
        Defendant.                )

### AFFIDAVIT OF DEFENDANT
### IN SUPPORT OF MOTION TO DISMISS

Defendant, Mary Norum, now known as Calabrese, being duly sworn upon oath, deposes and states:

1.      I am the named Defendant in this matter and am over the age of 18, and am under no disability. I currently reside at 152 N. Elmwood Avenue, Wood Dale, Illinois 60191, where I have lived since 1998.

2.      On or about December 20, 2007, I was served with the Complaint in the above-referenced lawsuit, a copy of which is attached to my Motion to Dismiss as Exhibit A.

3.      Although my married last name was "Norum" in the past, I have not been known by "Norum" for over 10 years.

4.      In the Complaint, the Plaintiff, MRC Receivables Corporation, claims that I owe to it $1,224.06 relative to an unpaid "charge account."

5.      Attached to Plaintiff's Complaint was an Affidavit signed by Amy Berscheit, a purported employee of Plaintiff's servicer, Midland Credit Management, Inc.  In the Affidavit, Ms. Berscheit asserts that the alleged account at issue was originally with FCNB/Spiegel, which account was allegedly assigned at some unspecified point in time



EXHIBIT
B

to Plaintiff.

6. Although I had a Spiegel store credit card in the past, I cannot determine from the Plaintiff's Complaint whether the account on which I have been sued is, in fact, *my* Spiegel account. Accordingly, I dispute owing the account at issue.

7. I have not made any payments on an FCNB/ Spiegel account since 1999 at the latest.

8. If I was called as a witness in this matter, I could competently testify to the above facts.

FURTHER AFFIANT SAYETH NAUGHT.

*Mary Calabrese*

Mary Calabrese f/k/a Norum

Subscribed and sworn to
before me this 7 day
of JANURY , 2008

Notary Public

```
**************************
*    OFFICIAL SEAL       *
*    ROCIO PULIDO         *
* NOTARY PUBLIC, STATE OF ILLINOIS *
* MY COMMISSION EXPIRES 02/28/2010 *
**************************
```

2

## CERTIFICATE OF SERVICE

I, David J. Philipps, an attorney, certify that I sent a copy of the attached **Defendant's Motion To Dismiss** to the individuals listed on the service list below *via* First Class U.S. Mail, postage prepaid, on January 8, 2008, before 5:00 p.m.

David J. Philipps

## SERVICE LIST

Fred N. Blitt
Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, Illinois 60090

7