IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mary Norum, n/k/a Calabrese ) | |
| ) | |
| Plaintiff ) | Case No. 08C2963 |
| ) | |
| v. ) | |
| ) | Judge Andersen |
| MRC Receivables Corporation, a ) | |
| Delaware corporation, Midland Credit ) | Magistrate Judge Valdez |
| Management, Inc., a Kansas corporation, ) | |
| and Blitt and Gaines, P.C. an Illinois ) | |
| professional corporation ) | |

**DEFENDANTS MRC RECEIVABLES CORP. AND MIDLAND CREDIT
MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants MRC Receivables Corporation ("MRC") and Midland Credit Management, Inc. ("MCM") (also collectively referred to as "Defendants"), by and through their undersigned counsel, for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692 et seq. of the FDCPA, and 28 U.S.C. § 1331.

**RESPONSE: Defendants admit only that this Court has jurisdiction over some of the allegations in Plaintiff's Complaint and otherwise state that the jurisdictional statutes speak for themselves. Defendants deny that this Court has jurisdiction over Plaintiff's claims concerning Defendants' statement of the amount of Plaintiff's debt and interest applicable to same, because these claims are beyond the applicable limitations period set forth in 15 U.S.C. § 1692k, which is jurisdictional.**

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendants transact business here.

**RESPONSE: Denied as stated.  Defendants deny that they "transact business" within this District and otherwise lack information or knowledge to form a belief as to the truth of Plaintiff's allegation.**

## PARTIES

3.     Plaintiff, Mary Norum n/k/a Calabrese ("Norum"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to FNCB/Spiegel, but now allegedly owed to MRC Receivables Corporation.

**RESPONSE: Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's current residence and whether the underlying debt was a "consumer debt." Defendants admit that Plaintiff originally owed a debt to FNCB/Spiegel, which was purchased and assigned to Defendant MRC.**

4.     Defendant, MRC Receivables Corporation, is a Delaware corporation ("MRC"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant MRC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Norum.

**RESPONSE: Defendants admit that MRC is a Delaware corporation and otherwise deny the remaining allegations as untrue.**

5.     Defendant MRC is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via its sister corporation, Midland Credit Management, Inc., and/or collection law firms like Defendant Blitt and Gaines, P.C.  The debts MRC buys are often so old that they are beyond the statute of limitations, and MRC often ha no documentary proof to support the validity of the debt – a type of debt the media has recently termed "Zombie Debt".

**RESPONSE: Denied.**

6.     Defendant Midland Credit Management, Inc. is a Kansas corporation ("Midland"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of

2

Illinois. In fact, Defendant Midland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Norum.

**RESPONSE: Denied as stated. Defendants deny that they "transact business" within this District and otherwise lack information or knowledge to form a belief as to the truth of Plaintiff's allegation.**

7.  Defendant, Blitt and Gaines, P.C. ("Blitt'), is an Illinois professional corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Blitt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Norum.

**RESPONSE:  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations.**

## FACTUAL ALLEGATIONS

8.  Ms. Norum allegedly opened a consumer charge account with FCNB/Spiegel, which became delinquent, according to the Defendants, in 1999. At some unknown point in time, Defendant MRC allegedly purchased this defaulted FCNB/Spiegel debt from an unidentified entity.

**RESPONSE:  Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's current residence and whether the underlying debt was a "consumer debt." Defendants admit that Plaintiff originally owned a debt to FNCB/Spiegel, which was purchased and assigned to Defendant MRC.**

9.  On December 12, 2007, Defendants filed a lawsuit against Ms. Norum in a matter styled: <u>MRC Receivables Corporation v. Norum</u>, Case No. 2007 SC 009826 (DuPage County, Illinois)(the "State Court Lawsuit"). A copy of the State Court Lawsuit is attached as Exhibit <u>1</u>.

**RESPONSE:  Denied as stated. Defendants admit only that Blitt & Gaines filed a state court lawsuit on MRC's behalf; the pleadings in the state court lawsuit speak for themselves.**

3

10. The Defendants, in their State Court Lawsuit against Ms. Norum, failed to allege breach of a written contract, failed to attach any evidence of a written contract, and failed to attach any evidence, or allege any factual basis, of the assignment of the account to MRC or any proof of MRC's ownership of the account.

**RESPONSE: Denied as stated. Defendants admit only that Blitt & Gaines filed a state court lawsuit on MRC's behalf; the pleadings in the state court lawsuit speak for themselves.**

11. Moreover, in their State Court Lawsuit, the Defendants attached a purported affidavit, dated June 8, 2007, which inexplicably claimed, in paragraph 2, that the amount of the debt owed by Ms. Norum was $1,224, but then claimed, in paragraph 4, that the amount of the debt was $1,609, and also claimed that her account accrued interest at 5% per year. Attached to this purported affidavit was a document that Defendants claimed was a purported March 9, 2004 "final statement of account", which claimed that the amount of the debt was actually $1,325, that the account accrued interest at 5% per year, and that the account had been delinquent since 1999. See Exhibit 2. This purported account "statement" is not from the original creditor, FNCB/Spiegel, but something Defendant MCM crafted several years after the account went in to default in 1999.

**RESPONSE: Denied as stated. Defendants admit only that Blitt & Gaines filed a state court lawsuit on MRC's behalf; the pleadings in the state court lawsuit speak for themselves.**

12. In that Defendants do not have evidence of a written contract – the signed account application, terms and conditions, or the card carrier from FNCB/Spiegel – Defendants' claim in the State Court Lawsuit was governed, at best, by Illinois' five-year statute of limitations for claims for breach of unwritten contracts, see, 735 ILCS 5/13-205.

**RESPONSE: The allegation of Paragraph 12 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.**

13. Accordingly, when Defendants filed their complaint in the State Court Lawsuit on December 12, 2007, it was filed well past the expiration of the five-year statute of limitations, which began running when the account became delinquent in October, 1999.

**RESPONSE: The allegation of Paragraph 13 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.**

14. Accordingly, Ms. Norum was forced to hire counsel to defend her from the Defendants' baseless State Court Lawsuit. On January 8, 2008, Ms. Norum's counsel filed a motion to dismiss the State Court Lawsuit, which pointed out that without proof of a written contract, that the complaint in the State Court Lawsuit was time-barred. A copy of this motion to dismiss is attached as Exhibit 2.

**RESPONSE: Defendants deny that the state court lawsuit was "baseless" and otherwise state that Exhibit 2 speaks for itself.**

15. On January 23, 2008, the Judge in the State Court Lawsuit agreed with Ms. Norum's argument, and directed the Defendants to file an amended complaint, by February 15, 2008, setting forth any proof they had of a written contract. The Defendants had no such proof and, accordingly, the State Court Lawsuit was dismissed on March 14, 2008.

**RESPONSE: Denied as stated. Defendants admit only that Blitt & Gaines filed a state court lawsuit on MRC's behalf, the pleadings in the state court lawsuit speak for themselves.**

16. Defendants have a policy, practice and procedure of filing lawsuits on scavenged debt as to which they have no documentary proof and cannot obtain same. Instead, Defendants rely upon obtaining default judgments against consumers, but close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

**RESPONSE: Denied.**

17. All of Defendants actions at issue in their State Court Lawsuit occurred within one year of the date of this Complaint.

**RESPONSE: Denied as stated. Defendants deny that any of their actions are at issue in this case because they did not file the lawsuit. To the extent that Plaintiff's claims relate to the amount of the debt and/or applicable interest stated by Defendants, such claims are beyond the applicable statute of limitations.**

5

18. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**RESPONSE: The allegation of Paragraph 18 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.**

### COUNT I
### Violation of § 1692e of the FDCPA -
### False Statements

19. Plaintiff adopts and realleges ¶¶ 1-18.

**RESPONSE: Defendants incorporate their responses to paragraphs 1-18.**

20. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading, representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

**RESPONSE: The allegation of Paragraph 20 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.**

21. Defendants' collection actins which violated by § 1692e of the FDCPA, include, but are not limited to:

    a) filing suit well beyond expiration of the five-year statute of limitation;

    b) falsely sating the amount of the debt;

    c) falsely stating that the account at issue accrued interest at 5% per year;

    d) filing a false affidavit – allegedly based upon the affiants 'personal knowledge" – in support of its claim in the State Court Lawsuit when, in fact, the affiant has no actual knowledge of any actual acts; and

    e) falsely stating the "statement" it attached to its false affidavit was the "final statement of account", when, in fact, it was a collection letter/statement generated by Defendants Midland and MRC.

**RESPONSE: The allegation of Paragraph 21 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.**

  22. Defendants' violations of by § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**RESPONSE: The allegation of Paragraph 22 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.**

COUNT II
Violation of § 1692f Of the FDCPA –
Unfair Or Unconscionable Collection Actions

  23. Plaintiff adopts and realleges ¶¶ 1-18. [sic]

**RESPONSE: Defendants incorporate their responses to paragraphs 1-22**

  24. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

**RESPONSE: The allegation of Paragraph 24 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.**

  25. Defendants' collection actions which violated § 1692f of the FDCPA, include, but are not limited to:

    a) filing the complaint in the State Court Lawsuit, when Defendant had no intent, nor any ability, to ever obtain documentary proof to support their claims;

    b) filing the State Court Lawsuit well beyond the statute of limitations;

    c) failing to attach, or adequately allege, any facts or proof of the assignment/chain of title to the State Court Lawsuit; and

    d) utilizing a false, baseless affidavit and final statement of account in support of their State Court Lawsuit.

**RESPONSE:** The allegation of Paragraph 25 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.

26. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**RESPONSE:** The allegation of Paragraph 26 sets forth conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied as untrue.

## PRAYER FOR RELIEF

Plaintiff, Mary Norum n/k/a Calabrese, prays that this Court;

1. Declare that Defendants' collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Norum and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

3. Grant such further relief as deemed just.

**RESPONSE: Denied.**

**WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff on all claims asserted against Defendants.**

## JURY DEMAND

Plaintiff, Mary Norum, n/k/a Calabrese, demands trial by jury.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, Defendants incorporate by reference the foregoing answers and affirmative defenses as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on Plaintiff as a matter of applicable substantive procedural law, and further allege as follows:

### FIRST DEFENSE

1.  MCM is not liable for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") because any violation, which MCM denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error pursuant to 15 U.S.C. § 1692k(c).

### SECOND DEFENSE

2.  Plaintiff fails to state a cause of action under the FDCPA, because Defendants Midland Funding and Encore did not engage in any debt collection activities relating to the allegations in Plaintiff's Complaint and are not debt collectors as defined by the FDCPA.

### THIRD DEFENSE

3.  Assuming Defendant MRC alleged acts or omissions violated the FDCPA and MRC is found to be a debt collector as defined by the FDCPA, all of which said Defendants deny, any violation of the FDCPA was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error pursuant to 15 U.S.C. § 1692k(c).

**FOURTH DEFENSE**

4.        Plaintiff's claims regarding the statement of the amount of the debt and applicable interest are beyond the applicable statute of limitations period set forth in 15 U.S.C. § 1692k, and thus, this Court does not have jurisdiction over these FDCPA claims.

Dated:  July 14, 2008                                   Respectfully submitted,

                                                        MRC Receivables Corporation and Midland
                                                        Credit Management, Inc.

                                                By:    s/ Theodore W. Seitz
                                                        James McConkey (jmcconkey@dykema.com)
                                                        Theodore W. Seitz (tseitz@dykema.com)
                                                        Dykema Gossett, PLLC
                                                        10 South Wacker Drive, Suite 2300
                                                        Chicago, Illinois 60606
                                                        Phone: 312-876-1700
                                                        Fax:    312-627-2302

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 14, 2008,** I electronically filed the foregoing **Defendants MRC Receivables Corp. and Midland Credit Management, Inc.'s Answer and Affirmative Defenses** with the Clerk of the Court using the ECF system, which sent notification to the following:

>David J. Philipps (davephilipps@aol.com)
>Mary Elizabeth Philipps (mephilipps@aol.com)
>Fred N. Blitt (fred@blittandgaines.com)

>s/ Irina V. Frye

LAN01\188125.2
ID\TWS